| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JERRY LYNN COLEMAN, §
　　　　　　　　　　　　　　§
　　　　　Movant, §
　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 4:21-CV-747
　　　　　　　　　　　　　　§　　　　　(4:17-CR-83(1))
UNITED STATES OF AMERICA, §
　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM ORDER**

Pending before the court is Movant Jerry Lynn Coleman's ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1). The Government filed a Response in opposition (#5). Movant filed a Reply (#6). Having considered the motion, the Government's response, Movant's reply, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.　　Background

By way of a First Superseding Indictment entered July 11, 2018, Movant was charged with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); Possession with the Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count Three); and Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) (Count Four). *United States v. Coleman*, 4:17-CR-83(1) (#46). On December 10, 2018, Movant proceeded to trial. (#129). A jury returned a guilty verdict on December 13, 2018, finding Movant guilty of Counts One, Two and Three and not guilty as to Count Four (#137).

The court entered Final Judgment on May 17, 2019, sentencing Movant to a 96-month term as to Count One, a 96-month term as to Count Two, to run concurrent with Count One, and a 60-month term as to Count three, to run consecutive as to Counts One and Two (#160). Movant filed a Notice of Appeal on May 27, 2019 (#162). The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence on September 28, 2020 (#182); *see also United States v. Coleman*, 819 F. App'x 275 (5th Cir. 2020). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

Movant filed the above-referenced motion to vacate, set aside or correct sentence on September 27, 2021. *Coleman v. United States*, 4:21-CV-747 (#1). Movant asserts the following points of error:

1. His Fourth Amendment rights were violated when officers conducted a warrantless search of his vehicle;

2. The district court erroneously allowed tainted evidence into trial violating Movant's right to a fair trial;

3. Trial counsel provided ineffective assistance of counsel for:

    a. Failing to object to a *Brady* violation when he allowed the prosecution to withhold evidence;
    b. Failing to object to the anonymous tip as pretext to pull Movant over resulting in an illegal search of the vehicle and Movant's arrest;
    c. Misrepresenting Movant under a conflict of interest;
    d. Failing to use an expert witness to analyze evidence that was used to convict;

3. Ineffective assistance of appellate counsel for:

    a. Violating Movant's constitutional rights at trial;
    b. Not being licensed at the time of trial and appeal; and
    c. Failed to provide Movant with complete copies of transcripts requested, copies of fingerprint evidence, copies of drug analysis, copies of pictures taken at the time of arrest, and

>> a copy of unedited dash cam video from arresting officers'
>> patrol car.

*Id*.

Respondent was ordered to Show Cause on September 28, 2021 (#3) and filed a Response on November 29, 2021 (#5). Respondent argues Movant's first two claims were argued on appeal and are procedurally barred while all of Movant's claims of ineffective assistance of counsel are either conclusory and/or lack merit. Movant filed a Reply on January 3, 2022 (#6). This motion to vacate, set aside, or correct sentence is now ripe for consideration.

II.   Standard of Review

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III. <u>Analysis</u>

    A. <u>Procedural Bar</u>

In point of error one, Movant argues his Fourth Amendment rights were violated when officers conducted a warrantless search of his car. As to point of error two, Movant argues the trial court erred in allowing "tainted evidence into trial," thus violating Movant's right to a fair trial. With respect to the latter, Movant contends that the evidence from the *Terry* stop was obtained illegally because the stop itself violated Movant's Fourth Amendment rights. The constitutionality of the stop was challenged during trial and on appeal. Specifically, the United States Court of Appeals for the Fifth Circuit found:

> On appeal, Coleman challenges the denial of his motion to suppress. Specifically, he argues that the police had no legal basis for the initial traffic stop of his car and that the stop was unconstitutionally prolonged to search for evidence that was unrelated to the purpose of the original stop.
>
> When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and conclusions of law de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). The clearly erroneous standard is particularly deferential where, as here, "denial of a suppression motion is based on live oral testimony … because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). In

> addition to deferring to the district court's factual findings, we view the evidence in the light most favorable to the prevailing party. *See Pack*, 612 F.3d at 347.
>
> In this case, the 911 caller who reported that Coleman was driving erratically was both identified and reliable, *see United States v. Gomez*, 623 F.3d 265, 269 (5th Cir. 2010), and the arresting officers subsequently observed Coleman driving left of center and making a wide turn. The district court therefore did not clearly err in determining that the officers had a reasonable suspicion that Coleman was driving while intoxicated and that the initial stop of his car was justified. *See Navarette v. California*, 572 U.S. 393, 396-404, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014); *Gomez*, 623 F.3d at 269. Further, the duration of the traffic stop was not prolonged past what was necessary to dispel the reasonable suspicion giving rise to the stop because, as reflected by the videotape of the stop, law enforcement discovered marijuana in the car in plain view during the course of their investigation and prior to the completion of the requisite check on Coleman's license. *See Pack*, 612 F.3d at 350; *United States v. Brigham*, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc).

*Coleman*, 810 F. App'x at 275-276.

As these claims were argued during trial and on appeal, they are barred from collateral review. *United States v. Webster*, 392 F. 3d 787, 791 (5th Cir. 2004) (a claim "raised and rejected on direct appeal" cannot be raised in a § 2255 motion on collateral review); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised an disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.").

    B.    <u>Ineffective Assistance of Counsel</u>

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

5

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, a movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, a movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. The movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

The Fifth Circuit has stated that conclusory allegations of ineffective assistance are not sufficient to raise a constitutional issue. *United States v. Whitehead*, 393 F. App'x 226, 227 (5th Cir. 2010) (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)). Bare, conclusory allegations unsupported by other indicia of reliability in the record fall short of the *Strickland* requirements for determining ineffective assistance of counsel. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n. 2 (5th Cir. 1983).

Before proceeding to Movant's separate claims of ineffective assistance of counsel, the court would be remiss in not highlighting the fact that Movant was represented by six different attorneys in the underlying criminal trial and appeal. In a Report and Recommendation entered April 9, 2020, Magistrate Judge Christine A. Nowak noted the following:

> On October 6, 2017, at his initial appearance before the Court, Petitioner was appointed counsel; the federal public defender's office was appointed to represent Petitioner [Dkt. 8]. On February 27, 2018, the federal public defender's office sought to withdraw as Petitioner's counsel, citing Petitioner's express request that "another attorney be appointed to represent him" and the complete breakdown in communication between counsel and Petitioner [Dkt. 26]. At a hearing on March 2, 2018, the Court granted the request and thereafter appointed Reyes, a member of the Court's Criminal Justice Act ("CJA") panel, as counsel [Dkt. 27]. On July 13, 2018, Petitioner filed a letter motion with the Court requesting the removal of Reyes as counsel; on August 20, 2018, the Court allowed Reyes to withdraw as counsel after multiple meetings with Petitioner to resolve Petitioner's concerns [Dkts. 56; 59; 64 Sealed]. Thereafter, the Court appointed Smith, another member of the Court's CJA panel, who ultimately represented Petitioner a trial [Dkt. 68]. Petitioner also complained of his representation by Smith [Dkts. 78; 79; 117; 118; 125; 128]. During trial, in the interest of justice, an additional CJA lawyer, Greene, Petitioner's current counsel on appeal, was called in by the Court to assist previously appointed defense counsel at trial. Greene was co-counsel at trial and continued as counsel for Petitioner through sentencing [Dkt. 145]. Subsequent to trial, Smith asked to withdraw due to the relationship between himself and Petitioner becoming "completely and entirely unworkable" [Dkt. 143, Sealed]. After Smith's withdrawal, Petitioner's fourth appointed lawyer–Greene–remained counsel for sentencing [Dkts. 145; 146]. Sentencing proceeded on May 15, 2019; judgment was entered on May 17, 2019 [Dkts. 159; 160]. Greene continued to represent Petitioner, filing a Notice of Appeal on May 27, 2019 [Dkt. 162] and taking further steps to prosecute the appeal. *See* Initial Brief of Appellant, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 515203845. Greene is listed as counsel of record before the Fifth Circuit. *See* Notice of Appeal, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 514972962.
>
> Petitioner now asks the Court to remove his current (and fourth) appointed lawyer, Greene, and provide him yet another (fifth) lawyer for his appeal [Dkt. 172]. Specifically, Petitioner claims he did not consent to Greene's appointment, Green lacks knowledge about Petitioner's suppression hearing, and Greene did not discuss, with Petitioner, his presentence investigation report in advance of Petitioner's sentencing hearing [Dkt. 172]. Petitioner asks the Court to appoint

> "proper counsel who serves primarily as an appe[llate] lawyer" [Dkt. 172 at 1]. Notably, on February 10, 2020, Petitioner also filed a letter motion with the Fifth Circuit Court of Appeals requesting a stay of his appeal and alleging therein attorney misconduct on the part of Greene. *See* Letter Motion Filed by Appellant, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 515307787.

4:17-CR-83(1), Report and Recommendation (#178).[1] Because the appeal was pending, the magistrate judge recommended the motion to appoint substitute counsel be transferred to the Fifth Circuit for consideration and resolution. *Id*. The Report and Recommendation was adopted on June 3, 2020 (#180). In its September 4, 2020 opinion, the United States Court of Appeals for the Fifth Circuit denied Movant's motion, and counsel's subsequent Motion to Withdraw, "[b]ecause neither [Movant] nor counsel has shown that there is a conflict of interest or that the interests of justice require relief of counsel." *Coleman*, 819 F. App'x at 275.

    1.    <u>Counsel Failed to Object to *Brady* Violation</u>

Movant alleges counsel was ineffective for failing to assert a *Brady* violation when the prosecution (1) withheld evidence of a complete or unaltered dash camera video, (2) withheld pictures of the drugs and gun found in the vehicle with exhibits displayed at trial, and (3) withheld the finger print findings on the gun that was found at the scene. Movant alleges this evidence would show that "Movant was illegally pulled over (detained) and an illegal search of the vehicle was performed, resulting in an unconstitutional arrest of [Movant]. The pictures would show that the illegally found drugs were not the same drugs used at trial to convict Defendant. The finger

---

[1] The record establishes Movant was also represented by Public Defender Denise Solis Benson at the Arraignment and Detention Hearing (#7). Attorney Kyle Timothy Therrian entered his appearance as co-counsel for Movant at the request of lead counsel John Hunter Smith (#131).

print report on the illegally found gun would show that Defendant's finger prints were not on the gun."

Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To prove a claim for *Brady* violation, Movant "must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019)). Evidence is material for the purposes of *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," meaning the probability is "sufficient to undermine confidence in the outcome." *Cone v. Bell*, 556 U.S. 449, 469-70 (2009); *United States v. Bagley*, 473 U.S. 667, 682 (1985).

As to Movant's claim that the Government withheld "a complete or unaltered dash cam video," the record evidence in this case directly refutes any such assertion. In hearing the Amended Motion to Suppress, Magistrate Judge Nowak noted the Government provided in Exhibit One "the full video footage of the traffic stop involving Defendant from both Lieutenant's: (1) dash camera; and (2) body camera. Government's Exhibit Two is the condensed video footage of the traffic stop." 4:17-CR-83(1), Report and Recommendation, pg. 3 (#93). Counsel cannot be ineffective for failing to file a frivolous motion. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections).

To the extent Movant asserts these videos were somehow manipulated, any such assertion is conclusory and not supported by evidence. *Whitehead*, 393 F. App'x at 227; *Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition [], usupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch*, 907 F.2d at 530 ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Movant next claims counsel failed to object when the prosecution used tampered evidence to show that the drugs were packaged consistent with drug trafficking. Movant states specifically, "[t]he way the drugs were shown packaged at trial were not the same way they were found on the evening of arrest." Although less than clear, it appears Movant argues that the prosecution not only tampered with the evidence presented at trial but also withheld pictures of the drugs and gun found in the vehicle that would have proven the evidence admitted at trial was tampered with. As with the previous claim, this claim is conclusory and not supported by evidence. *Whitehead*, 393 F. App'x at 227; *Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530.

Finally, as to Movant's claim the Government withheld the fingerprint findings on the gun that was found at the scene, the record firmly establishes the Government did not perform any fingerprint analysis on the gun. The only fingerprint evidence presented were those prints taken from Movant himself at the Fannin County Sheriff's Office and used to compare to pen packets. 4:17-CR-83(1), Trial Transcript, Vol. 26, pg. 26 (#168). In fact, trial counsel used the fact that the Government failed to test for fingerprints and DNA on the firearm and other evidence collected at the scene to suggest the Government's case against Movant was weak. *Id.*, pgs. 34-38. Again,

counsel cannot be ineffective for failing to file a frivolous motion and this claim is denied. *Johnson*, 306 F.3d at 2255.

        2.      <u>Failing to Object to Anonymous Tip as Pretext</u>

Movant states he was pulled over within minutes of an anonymous 911 call describing a possible drunk driver and that counsel was ineffective for failing to question the credibility and reliability of this evidence. Movant states he "[c]ounsel failed to argue that the stop and arrest were unconstitutional because of an anonymous caller that the defendant never had an opportunity to question." Movant, again, misrepresents the evidence used by the Government. As discussed by the magistrate judge in her Report and Recommendation on the motion to suppress, the 911 caller was not anonymous:

> "On December 3, 2016, a 911-operator received a phone call from a motorist (who provided his full name and phone number [Government's Exhibit No. 3 at 6:28]) that the driver of a newer, white, Nissan Maxima was driving erratically and was potentially intoxicated; the motorist continued to follow the vehicle while staying on the phone with the 911 dispatcher [Government's Exhibit No. 3 at 0:44]. The 911 caller also provided the license plate number of the vehicle [Government's Exhibit No. 3 at 2:05]. The 911 caller reported that the driver was "all over the road" and "cannot keep that thing between the lines" [Government's Exhibit No. 3 at 0:46, 0:51]. The 911 caller then described where the driver started to cross into another lane and almost hit another car [Government's Exhibit No. 3 at 3:51]. Officers were dispatched to the area. The 911 caller represented to the dispatcher that moments before Lieutenant arrived, the driver began to drive slowly and seemed aware that the 911 caller was following him, and was "all the way on the left-hand side of the road" [Government's Exhibit No. 3 at 5:35, 6:09]. Throughout the 911 call, the caller provided updates of his location and continued to follow the vehicle, breaking his pursuit once he was passed by Lieutenant's square car [Government's Exhibit No. 3 at 6:34].

4:18-CR-83(1), Report and Recommendation, pgs. 3-4 (#93). As outlined above, the Court of Appeals for the Fifth Circuit concurred in this analysis, stating, "the 911 caller who reported that [Movant] was driving erratically was both identified and reliable." *Coleman*, 810 F. App'x at

11

275-276.  Once again, counsel cannot be ineffective for failing to file frivolous motions.  *Johnson*, 306 F.3d at 2555.  This claim is denied.

       3.    <u>Misrepresenting Movant under a conflict of interest</u>

With respect to this claim, Movant states, "[a]fter [Movant] filed a grievance against attorney John Hunter Smith, counsel was terminated and attorney Douglas Charles Greene Sr. was appointed as counsel for [Movant].  Assistant U.S. Attorney Tracey M. Batson stated on [the] record that she contacted Douglas Charles Greene Sr. to represent [Movant].  This alone shows that an actual conflict exists. . . [t]he record will also show that counsel was not a licensed attorney at the time he represented [Movant].

Like with many of Movant's claims, the record directly refutes this assertion.  In an order entered December 10, 2018, this court specifically appointed Douglas Charles Greene Sr. ("Greene") as counsel to assist John Hunter Smith ("Smith") during trial

> The Final Pretrial Conference and Voir Dire in this matter began on December 10, 2018.  Smith arrived with co-counsel, Kyle Therrian ("Therrian"), prepared and ready to defend [Movant] diligently.  That morning, due to reports of [Movant's] disruptive behavior at the detention facility and the holding cell, the court appointed Douglas Charles Greene ("Greene")—Defendant's sixth court-appointed attorney—to assist the defense team.  Smith represented [Movant] during voir dire and asked cogent questions of the panel.  Smith and Greene further represented [Movant] at the formal arraignment on the charges, to which the court entered pleas of not guilty on behalf of [Movant].  Both Smith and Greene assisted [Movant] and answered his questions throughout the day and further represented to the court that [Movant] participated in making strikes to the venire during the jury selection process.
>
> Accordingly, the court, in its sound discretion and upon consideration of all present circumstances and [Movant's] course of conduct, finds that there is no good cause to remove Smith from representing [Movant].  The record clearly demonstrates that [Movant] is being adequately represented by Smith, Therrian, and Greene. [Movant's] further Letter Request (#128) for new counsel is **DENIED**.

Order (#130). Greene was clearly appointed by this court and any assertion by Movant that Greene acted out of some conflict of interest is wholly baseless. Moreover, Movant's assertion that counsel was not a licensed attorney at the time of trial is similarly baseless. Greene was a part of the court's CJA Panel. This claim of ineffective assistance of counsel is denied.[2]

    4.    <u>Failing to Use an Expert Witness to Analyze Evidence</u>

Movant alleges counsel failed to investigate the evidence and failed to hire and call expert witnesses to rebut the evidence used against Movant. Specifically, Movant contends:

> The record clearly shows that officers pulled [Movant] over because of an anonymous 911 caller about a suspected DUI. An expert witness would have testified that [Movant] had not violated any laws to cause officers to stop him. The expert witness would have testified that [Movant] was detained past the time consistent with an investigatory stop. The record shows that the arresting officers testified that once the investigatory stop for DUI was concluded, [Movant] was kept for additional investigation. The drugs were illegally found were not the same as the ones used to convict [Movant]. An expert witness would have pointed out the different packing methods that where shown from the pictures from the scene and the pictures used at trial. The expert witness would also have pointed out that no drug analysis was performed to show quality and quantity of drugs used to convict [Movant]. A fingerprint expert would have provided testimony that [Movant's] fingerprints were not on the weapon used at trial. Counsel failed to conduct independent forensic testing of the evidence used to convict Movant.

"Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). Further,

---

[2] Movant made this assertion on appeal which was, in essence, denied when the United States Court of Appeals for the Fifth Circuit denied Movant's request to appoint new counsel. *Coleman*, 810 F. App'x at 275. Greene, in response to these allegations on appeal, noted that Movant made various "unfounded and bizarre" complaints, "[a]lleging that the undersigned along with the trial AUSA and other counsel at the trial level were colluding against him; that counsel is not admitted to practice law and various other untrue and sundry allegations." *United States v. Coleman*, No. 19-40488 (#58).

the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). A movant must overcome a strong presumption that counsel's decision in not calling a particular witness was a strategic one. *See Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 194). In cases where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance of counsel are viewed with great causation. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). Moreover, for a movant to succeed on the claim, he must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, they would have been willing to testify and their testimony would have been favorable to the defense. *See Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984).

Here, Movant fails to put forth an expert witness who was available or the substance of any such expert's proposed testimony. *Crane v. Johnson*, 178 F.3d 309, 315 (5th Cir. 1999) ("[E]ven assuming that trial counsel erred in failing to seek the appointment of a confidential mental health expert, Crane has not shown how he suffered prejudice from this failure. Crane produced no persuasive psychiatric evidence in the district court that if produced at trial, would have undermined confidence in the resulting verdict."); *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (Holding that 'hypothetical or theoretical testimony will not justify the issuance of a writ."). Conclusory claims are insufficient to establish a constitutional violation and this claim is denied. *Koch*, 907 F.2d at 530.

5.     Ineffective Assistance of Appellate Counsel

With respect to appellate counsel Greene, who also assisted in Movant's representation at trial as outlined above, Movant argues: (1) he violated Movant's constitutional rights at trial, (2) he was not licensed at the time of trial and on appeal, and (3) he failed to provide Movant with complete copies of transcripts requested, copies of fingerprint evidence, copies of drug analysis, copies of pictures taken at the time of arrest, and a copy of unedited dash cam video from arresting officers' patrol car.  Movant does not outline different allegations against Greene with respect to his trial performance; the court assumes the complaints are the same as above.  As a result, the court has already disposed of the first two issues.  With respect to his final point of error regarding copies of transcripts and evidence, assuming without finding counsel was ineffective in some way, Movant must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on appeal."  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).  Movant has made no such showing and this claim is denied.

IV.    Conclusion

Movant's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 11th day of July, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE